Davis, J.,
delivered the opinion of the court :
After some twenty-nine years in the Marine Corps plaintiff was retired as a sergeant from active service. During several years he had acted as a schoolmaster at the Marine Barracks. For this service he had received f 1 per month each from his students in addition to pay as sergeant. He lived in private quarters, out of the barracks, and drew his rations in kind (or the commutation thereof) at contract prices. He claims that *255 tbis duty as schoolmaster was such “extra duty” as is contemplated by section 1287 of the Bevised Statutes and the act of July 5,1884 (23 Stat. L., 110).
Section 1287 refers only to the Army; but it is contended that section 1612 gives to the Marine Corps the benefits accorded by section 1287. For the present we may confine our attention to section 1287.
That provision of law reads as follows :
“When soldiers are detailed for employment as artificers or laborers in the construction of permanent military works, public roads, or other constant labor of not less than ten days’ duration, they shall receive, in. addition to their regular pay, the following compensation: Privates working as artificers, and non-commissioned officers employed as overseers of such work, not exceeding one overseer for twenty men, thirty-five cents per day, and privates employed'as laborers, twenty cents per day. This allowance of extra pay shall not apply to the troops of the Ordnance Department.”
The object of this section is to provide for “soldiers” (and for our present purpose that word may be assumed to include marines) who are detailed for employment either as “artificers” or “laborers;” further, these “ artificers” or “laborers” are to be employed “in the construction of permanent military works, public roads, or other constant labor ” not less than a certain time.
The duty of a schoolmaster is laborious and valuable to the community. It presents hard work, vexing care, petty annoyance, irritating detail, and great responsibility. Well performed, the work of a schoolmaster is of the utmost benefit; carelessly treated, it may result in great ifijury to the public welfare, for the master’s influence over the young minds committed to his charge follows them through life. Nevertheless the work of the schoolmaster is, in our opinion, not the class of “labor” contemplated by the statute. In the section now under consideration, artificers and laborers are joined; the primary work contemplated is upon military works and public roads, and then appear the words “ or other constant labor.” It seems to us that in the use of the word “labor,” in the connection in which it thus appears, Congress had in view manual or physical labor and not the intellectual labor of a schoolmaster. This conclusion is fortified by the fact that the statute pays an “ artificer,” or a noncommissioned officer detailed as an *256 “overseer,” 35 cents a day, and “privates employed as laborers,” tbe lesser rate of 20 cents a day. Tbe plaintiff is plainly not an “artificer,” and tbe statute contemplates as a “laborer,” first, a private; secondly, one receiving a lower rate of pay than a noncommissioned officer or an artificer.
Article 163 of tbe Army Begulations of 1889 is also cited by plaintiff’s counsel, and is bere quoted:
“163. Enlisted men on extra duty, under competent authority, at constant labor of not less than ten days are entitled to extra-duty pay at tbe following rates: For services as mechanics, artisans, ancl school-teachers, 50 cents per day; as overseers, clerks, teamsters, laborers, and for all extra-duty services, 85 cents per day.”
This regulation is authorized by tbe following provision of tbe act “ making appropriations for the support of the Army,” approved July 5,1884 (23 Stat. L., p. 110), repeated substantially in tbe act of March 3,1885, cb. 339, par. 2 (1 Sup. Bev. Stat., 2d ed., p. 482):
" Provided, That two hundred and fifty thousand dollars of this sum, or so much of it as shall be necessary, shall be set aside for tbe payment of enlisted men on extra duty at constant labor of not less than ten days, and such extra-duty pay hereafter shall be at tbe rate of fifty cents per day for mechanics, artisans, school-teachers, and clerks at army, division, and department headquarters, and thirty-five cents per day for other clerks, teamsters, laborers, and others.”
In the Navy appropriation act of the same year (ibid., p. 287), passed over six months later, there is no provision applying to extra duty. Plaintiff therefore relies upon section 1612 as extending to him the benefits the Army act of 1884:
“The officers of the Marine Corps shall be entitled to receive the same pay and allowances and the enlisted men the same pay and bounty for reeulistiug as. are or may be provided by or in pursuance of law for the officers and enlisted men of like grades in the infantry of the Army.”
We do not need to decide whether this section gives the enlisted men of the Marine Corps the benefit of the act of 1884, for it will be noted that the plaintiff in this case did not perform duty which was “extra;” true, he acted as a schoolmaster, but during this time he performed no duty as sergeant; further, he was amply compensated by extra pay for whatever may have been nonattractive in his nonmilitary work; he was freed from *257 the duties of sergeant; he received compensation from each pupil under department order; he was largely relieved from strict military discipline when he was allowed to live out of 'barracks and to commute his rations. All this made a new contract, from which plaintiff must be held to have waived any advantages which possibly might have accrued to him under other circumstances.
Plaintiff surrendered his duty as sergeant; he was released from much irksome military control; he received a considerable sum above his sergeant’s pay, and now he can not, in addition to these advantages, enjoyed through several years, claim the pay of the act of 1884. To allow his contention would be to violate the long-continued practice of the Department, to violate an understanding to which for many years he was at least a tacit party, and in effect, would be to give him two pays- for work, which was not in fact “ extra” work, which freed him from his duties as a sergeant.
Petition dismissed.